FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2011 MAR 16 PM 3:29
CLERK A. Moore
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KATHY M. TODD, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-034
)
UNITED STATES OF AMERICA, )
)
    Defendant. )
)

## O R D E R

Before the Court is Plaintiff's Motion for Partial Reconsideration of the Court's order dated March 2, 2011. (Doc. 52.) For the reasons that follow, this motion is **GRANTED**. That portion of the Court's order determining which party has the burden of proof is **VACATED**.

The Court's earlier order was without the benefit of full briefing by the parties. Even with the benefit of advocacy by all counsel, confusion still reigns. The argument of Defendant is persuasive and comports with the vast majority of authority on the subject as cited in this Court's earlier order. Other cases outside this circuit specifically address this issue and are at odds with this circuit's rule. See, e.g., Mason v. Commissioner, 132 T.C. 301, 323 (2009) (refusing to shift the burden in a trust fund penalty case). Only one district court in the Eleventh Circuit has refused to apply a burden-shifting scheme, but that case has no citing

references. United States v. Metzger, 2002 WL 1083843 (S.D. Fla. Apr. 25, 2002) (unpublished). However, this quarrel is not for this Court to resolve.

These cases do not reflect the state of the law in the Eleventh Circuit. The "shifting burden of proof concept" Plaintiff has advocated is included in Instruction No. 10.6 of the Eleventh Circuit Pattern Jury Instructions for Civil Cases. This framework stems from Mazo v. United States, 591 F.2d 1151, 1154 (5th Cir. 1979) ("[O]nce an assessment of penalty taxes is made and it is established that the taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer."); George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987) ("Once it is established that a taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer."); Thibodeau v. United States, 828 F.2d 1499, 1505 (11th Cir. 1987) (quoting same language). No party has cited, and this Court has been unable to locate, any revision to the Pattern Jury Charges. Further, the Court's independent research has located a recent decision by a district court in this circuit confirming the continued validity of this concept as the applicable law. United States v. Steeley, 2010 U.S. Dist. LEXIS 47436, at *8-*9 (N.D. Fla. May 13, 2010).

Accordingly, it will be Defendant's burden at trial to show that Plaintiff was a responsible person. Plaintiff will then bear the burden to demonstrate lack of willfulness. Because the Plaintiff

is tasked with the ultimate burden of proof in this case, she will have the opportunity to open and close the argument before the jury. See Martin v. Chesebrough-Pond's, Inc., 615 F.2d 498, 501 (5th Cir. 1980) ("Normally, the party with the burden of proof has the right to open and close the argument to the jury."); see also Commercial Iron & Metal Co. v. Bache, Halsey, Stewart, Inc., 581 F.2d 246 (10th Cir. 1978) ("The determination of the right to open and close a case rests largely in the sound discretion of the trial court . . . ."); Grayling Indus., Inc. v. GPAC, Inc., 1992 U.S. Dist. LEXIS 20702, at *2 (N.D. Ga. Feb. 11, 1992) (unpublished).

SO ORDERED this 16th day of March 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA